JOHN MICHAEL FERENC, a/k/a RUSSEL ROWE, ET AL., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ferenc v. Commissioner
Docket Nos. 14527-83, 21507-83, 26838-84
United States Tax Court
T.C. Memo 1991-617; 1991 Tax Ct. Memo LEXIS 664; 62 T.C.M. (CCH) 1527; T.C.M. (RIA) 91617; December 12, 1991, Filed *664 Decisions will be entered under Rule 155. John Michael Ferenc, pro se. Monica J. Miller, for the respondent. DAWSON, Judge, DINAN, Special Trial Judge. DINAN
MEMORANDUM OPINION These consolidated cases were assigned to Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax for the years 1980, 1981, 1982, and 1983 as follows: Additions to tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6653(b)
6654
1980
$   5,087.00
--  --
--
$ 2,543.50
-- 1981
26,919.00
--  --
--
13,460.00
2,066
1982
10,216.87
--  511
* --    995
1983
153,339.00
$ 15,333
7,667
* --    9,395
*665 The issues for decision are: (1) Whether petitioner failed to report income for each of the years in issue; (2) whether petitioner is liable for additions to tax for fraud pursuant to section 6653(b) for 1980 and 1981; (3) whether petitioner is liable for the addition to tax for failure to pay estimated income taxes pursuant to section 6654 for 1981, 1982, and 1983; (4) whether petitioner is liable for additions to tax for negligence or intentional disregard of rules and regulations pursuant to sections 6653(a)(1) and (2) for 1982 and 1983; and (5) whether petitioner is liable for an addition to tax for failure to file a tax return pursuant to section 6651(a)(1) for 1983. Petitioner was incarcerated at Pensacola, Florida, and at Sanford, Florida, at the time he filed his petitions in these cases. Petitioner was arrested in 1983 in Escambia County, Florida, on suspicion of burglary. Petitioner was apprehended approximately one-half mile from the scene *666 of the burglary because he matched the suspect's description. Following petitioner's apprehension, the attending officers observed the outline of a gun in petitioner's pants pocket. The ensuing arrest and search of petitioner produced a revolver, a screwdriver, a pair of gloves, three penlight flashlights, and a set of keys. The keys were used by one of the officers to open petitioner's nearby van whereupon the officer discovered, among other things, a stamp and coin collection allegedly stolen from a residence in Seminole County, Florida. The van was then impounded, and a warrant for the search of the van was later obtained. Thereafter petitioner was charged with attempted burglary, possession of a firearm, and possession of burglary tools in Escambia County. Petitioner was later charged with first-degree grand theft in Seminole County. Ultimately, petitioner was convicted in the Circuit Court of Escambia County, Florida, of attempted burglary, carrying a concealed firearm, and possession of burglary tools. Petitioner was also convicted in the Circuit Court of Seminole County, Florida, of first-degree grand theft. Sometime after petitioner's van was impounded, the Pensacola *667 Police Department informed the Internal Revenue Service that a van containing a significant amount of valuables had been impounded. Among the items found in petitioner's van were financial records and items of identification, including false driver's licenses, a passport, and false birth certificates. Further, the van contained a large quantity of stolen jewelry. The jewelry was valued at approximately $ 333,000. Soon after the Internal Revenue Service Agents inspected the van, jeopardy assessments, termination assessments, and notices of deficiency were issued to petitioner. For the years 1980, 1981, and 1982, the notices of deficiency were based upon the cash expenditures method of reconstructing income. Respondent determined petitioner's unreported taxable income for each of these years from financial documents found in petitioner's van. For 1983, respondent determined petitioner's income from specific items found in petitioner's van. In particular, respondent determined petitioner's income for 1983 based upon the stolen jewelry found in petitioner's van which was appraised at $ 333,000, less $ 20,000 which was returned to owners, and an additional $ 4,000 in cash found *668 in the van for a total of $ 317,000 in income for 1983. Petitioner argues that respondent's determination of his income for each of the years in issue is improper for two reasons. First, petitioner asserts that all evidence used by respondent to determine his income was illegally obtained so that it cannot be used in the determination of his income. Second, petitioner asserts that the only sources of income which he had for the years in issue were payments from the Veterans' Administration and from the Social Security Administration of the United States. 1. Unreported Income
For the years 1980, 1981, and 1982 respondent determined petitioner's income from financial documents found in petitioner's van which indicated cash expenditures. Petitioner objects to the use of his financial documents and asserts that his only sources of income were payments from the Veterans' Administration and the Social Security Administration. In effect, petitioner contends that the determination of his income tax liability by respondent was arbitrary and excessive. Section 6001 requires all taxpayers to maintain sufficient records to determine their tax liabilities. When a taxpayer fails *669 to maintain adequate books and records, respondent is entitled to reconstruct the taxpayer's income by any reasonable method. ; . Respondent's determinations are presumed to be correct, and petitioner bears the burden of proving that such determinations are erroneous. Rule 142(a); . The burden is upon petitioner to demonstrate that respondent's determination is arbitrary and unreasonable. . However, respondent need not determine petitioner's income with mathematical certainty in order for us to find that the method used was reasonable and not arbitrary. , modified , affd. on other grounds per curiam . Further, the determination by respondent is not arbitrary or unreasonable when all of the facts in the case are lacking because of the taxpayer's failure *670 to keep adequate records. . In the instant cases, respondent had to reconstruct petitioner's income because he did not file income tax returns for 1981 and 1982 and because his return for 1980 was inconsistent with financial documents and other records concerning his income. Respondent determined petitioner's income for the years 1980, 1981, and 1982 from specific records of petitioner's financial transactions. Respondent utilized financial documents found in petitioner's van to ascertain the amount of expenditures which petitioner made in each year. The deficiencies in income tax determined for each year were based upon specific transactions between petitioner and numerous banks as well as various other parties. Petitioner argues that his sole source of income has been yearly payments from the Veterans' Administration and the Social Security Administration. Respondent has conceded that petitioner did in fact receive payments from both of these sources. However, the deficiencies determined by respondent do not result from any adjustments to petitioner's income from the payments which he received from these *671 sources in the years in issue. We hold that respondent's determinations of petitioner's income for 1980, 1981, and 1982 are to be modified to take into account the income received by petitioner from the Veterans' Administration and the Social Security Administration, which amounts are conceded by respondent. The only other evidence which petitioner offered to contradict respondent's determination of his income was testimony which we found to be inconsistent, evasive, and self-serving. We are not bound to accept petitioner's self-serving testimony as gospel. . We hold that petitioner has not met his burden of proof with regard to respondent's determination of his income for the years 1980, 1981, and 1982, except to the extent already noted. Thus, we sustain respondent's determination of petitioner's income, as modified, for those years. For 1983, respondent's determination of petitioner's income was based upon specific items found in petitioner's van. In particular, respondent determined through an appraisal that the value of jewelry found in petitioner's van was $ 333,000. This amount was reduced by $ 20,000 *672 to $ 313,000 for portions of the jewelry claimed by and returned to the rightful owners. In addition, petitioner's income was increased to $ 317,000 on account of $ 4,000 in cash found in his van. Petitioner denies that the jewelry discovered in his van was stolen property and claims that he accumulated the jewelry and the cash from income he saved from his Veterans' Administration and Social Security payments over a period of many years. We sustain respondent's determination of petitioner's income for 1983. As noted earlier, we need not accept petitioner's testimony as true. Instead, we are convinced from the record as a whole that petitioner did not accumulate the jewelry and cash on hand from income he saved over a period of time. Rather, we hold that respondent's reconstruction of petitioner's unreported income for 1983 was reasonable under the circumstances. 2. Civil Fraud Additions to Tax
The next issue for decision is whether petitioner's underpayments of tax for 1980 and 1981 were due to fraud within the meaning of section 6653(b). Respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454; Rule 142(b); . *673 The fraud contemplated by section 6653(b) is an actual, intentional wrongdoing and the intent required is a specific purpose to evade a tax believed to be due and owing. . Respondent must show that the taxpayer intended to evade taxes by conduct calculated to conceal, mislead, or otherwise prevent collection of such taxes. , affg. . The existence of fraud is a question of fact to be determined from the entire record. . Since fraud can seldom be established by direct proof of the taxpayer's intention, the taxpayer's entire course of conduct must be considered, and circumstantial evidence may be used to establish fraudulent intent. ; , affd. without opinion . Courts have developed several objective indicators, or "badges," which tend to establish *674 fraud. . For example, indicia of fraud include: (1) A pattern of underreporting income, (2) implausible or inconsistent explanations of behavior, (3) concealment of assets, (4) engaging in illegal activities, and (5) use of aliases. , affg. ; , affg. . While respondent may not rely upon petitioner's failure to prove error in respondent's determination as to the underlying deficiencies in tax to satisfy the burden of proving fraud, , on the record presented, we are convinced that at least a part of petitioner's deficiencies for each of the years 1980 and 1981 was due to fraud. All badges of fraud mentioned above exist in these cases. Petitioner consistently failed to report income over an extended period of time. For 1980, petitioner filed a return which clearly understated his income. For 1981, 1982, and 1983, petitioner *675 simply did not file returns. Petitioner's argument that the minimal benefits which he received were his sole source of income is implausible when compared to the items of value he possessed. Further, he kept the items of value which he accumulated from illegal activities locked away in his van, and he used aliases with respect to various purchases and other financial transactions. Accordingly, we conclude that respondent has clearly and convincingly established from the record as a whole that petitioner is liable for the additions to tax for fraud under section 6653(b) for 1980 and 1981. 3. Failure to Pay Estimated Taxes - Additions to Tax
Respondent determined that petitioner was liable for additions to tax for failure to pay estimated income taxes pursuant to section 6654 for 1981, 1982, and 1983. Section 6654 imposes an addition to tax for failure by individuals to pay estimated income tax. This addition to tax is applicable where there is an underpayment of estimated tax, subject to certain exceptions. The provisions of this section as to the years at issue are mandatory where there is an underpayment of tax as determined under section 6654. Petitioner has failed *676 to show that he falls within any of the exceptions provided for in section 6654(d). See . Further, this section as to the years at issue contains no exonerating provisions such as reasonable cause or lack of willful neglect. . Accordingly, since there were underpayments of estimated taxes in 1981, 1982, and 1983, the section 6654 addition to tax is sustained for each of those years. 4. Negligence or Intentional Disregard of Rules and Regulations
Respondent determined that petitioner was liable for additions to tax for negligence or intentional disregard of rules and regulations pursuant to sections 6653(a)(1) and (2) for 1982 and 1983. Section 6653(a) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. The addition to tax under section 6653(a)(1) is applicable to the entire underpayment if any part of the underpayment is attributable to negligence or intentional disregard of rules and regulations. The addition to tax under section 6653(a)(2) *677 applies only to that portion of the underpayment attributable to negligence. Negligence is the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner bears the burden of proof. Rule 142(a); . Petitioner had income during 1982 and 1983 which he simply chose not to report. We have already rejected petitioner's claim that the only income which he received in 1982 and 1983 was income from the Veterans' Administration and Social Security Administration. In the absence of any other evidence on this issue in petitioner's favor, we sustain respondent's determination of the additions to tax under section 6653(a) for 1982 and 1983. 5. Failure to File Addition to Tax
Respondent determined that petitioner was liable for the addition to tax for failure to file a tax return pursuant to section 6651(a)(1) for 1983. The burden of proof is on petitioner to show that the failure to file is due to reasonable cause and not due to willful neglect. ; *678 , affd. without published opinion . Petitioner's only argument that this addition to tax should not be applied is that he did not have enough income in 1983 to require him to file a return. We have concluded that petitioner was in fact required to file a return, and we find petitioner's argument to the contrary unpersuasive. Accordingly, we sustain respondent's imposition of the addition to tax under section 6651(a)(1). Decisions will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the deficiency for such year.↩